IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**SURJIT SINGH, ET AL.**                                                                       **PLAINTIFFS**

**v.**                                                         **CIVIL ACTION NO.: 4:22-cv-195-DMB-JMV**

**CITY OF GREENVILLE, MISSISSIPPI, ET AL.**                                    **DEFENDANTS**

### ORDER GRANTING MOTION TO STRIKE EXPERT WITNESS DESIGNATIONS

THIS CAUSE HAVING COME BEFORE the Court on the Motion [57] of Defendants City of Greenville, Martavis Moore, and Carl Nichols to strike the expert witnesses, Austin Billingsley and Steven Pickett, designated by Plaintiffs. For the reasons that follow, the motion is granted.

As Defendants note, it is unclear whether Plaintiffs intended to designate these experts specifically for litigation, as governed by Fed. R. Civ. P. 26(a)(2)(B). To the extent, Plaintiffs have done so, it is appropriate for these designations to be stricken as no formal expert reports have been disclosed by Plaintiffs. *See, e.g., Cooper v. Meritor, Inc.*, No. 4:16-CV-52-DMB-JMV, 2018 WL 2451833, at *6 (N.D. Miss. May 31, 2018).

To the extent these experts were "involved in the events leading up to the litigation," it is also appropriate for these designations to be stricken. Under Rule 26(a)(2)(C), disclosures of non-retained experts must state: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). As Defendants have noted, and the undersigned agrees, Plaintiffs' disclosures for these two experts are lacking adequate detail on their areas of expertise and summary of the facts and opinions they might offer. *See* Exhibit A [57-1].

Additionally, Plaintiffs have not responded in opposition to Defendants' motion to strike. As such, there is no explanation for the failure to properly identify the witnesses nor for the relative importance of the testimony. There has also been no continuance sought by Plaintiffs wherein additional time to amend their disclosures may be sought. Therefore, it is appropriate to strike these expert witness designations. *See Green v. Specialized Loan Servicing, LLC*, No. 1:19-CV-76-NBB-DAS, 2021 WL 1649510, at *2 (N.D. Miss. Apr. 27, 2021).[1]

IT IS, THEREFORE, ORDERED AND ADJUDGED that Plaintiffs' expert witness designations of Austin Billingsley and Steven Pickett are hereby stricken.

SO ORDERED, this, the 8th day of January, 2024.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Fifth Circuit has provided four factors for District Courts to consider in determining whether to strike expert testimony: (1) the explanation for failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.